SEAN BROWN
MICHELE POWER
WHITNEY POWER
POWER AND BROWN, LLC
800 EAST DIMOND, STE 3-395
ANCHORAGE, ALASKA 99515
Telephone: (907) 222-9900
Facsimile: (888) 887-1146

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| ASSOCIATION OF VILLAGE COUNCIL PRESIDENTS,<br><br>Plaintiff,<br><br>vs.<br><br>HEAT SOFTWARE USA, INC.,<br><br>Defendants. | Case No. _____<br><br>**COMPLAINT**<br>**FOR DAMAGES** |

Plaintiff, Association of Village Council Presidents ("AVCP"), by and through its attorney Sean E. Brown of the law firm Power and Brown and for its Complaint against Defendant, HEAT Software USA, Inc. ("HEAT") states and alleges as follows:

I. NATURE OF ACTION

1. This is an action for relief related to HEAT's failure and refusal to provide AVCP with software after AVCP paid for the software development, and for HEAT's

- 1 -

failure and refusal to defend and indemnify AVCP after a third party claimed that HEAT's deliverables infringed on the third party's patent, copyright, trademark or trade secret. AVCP seeks the reimbursement of money paid for the software development, and reimbursement for costs and expenses associated with the defense and settlement of the third party's claim.

## II. PARTIES

2. AVCP is a tribal 501(c)(3) non-profit corporation with its principal place of business in Bethel, Alaska.

3. HEAT is a Colorado corporation with headquarters and principal place of business in Milpitas, California. HEAT is formerly known as Front Range Solutions.

## III. JURISDICTION AND VENUE

4. The Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332, because the parties are citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.

5. This Court has personal jurisdiction over HEAT because it engaged in systematic and continuous contacts with AVCP in Alaska, and the subject contract was capable of being performed only because of those systematic and continuous contacts within Alaska. The Court also has long-arm jurisdiction over HEAT pursuant to the Alaska long-arm statute, Alaska Statute 09.05.015.

6. Venue is proper in this district in accordance with 28 U.S.C. § 1391.

## IV. FACTUAL ALLEGATIONS

7. AVCP is a non-profit corporation that delivers a variety services to 56 Alaska Native village on the Yukon-Kuskokwim Delta. Those services include social services, human development and culturally relevant programs that promote tribal self-determination and self-governance and work to protect tribal culture and traditions.

8. In 2009, AVCP and HEAT (f/k/a FrontRange Solutions USA, Inc.) began discussion with AVCP regarding AVCP's technological needs.

9. Based on those discussions, the two parties entered into a Statement of Work ("SOW") on December 2, 2009 ("Phase I").

10. During Phase I, Heat completed software for AVCP's social services programs and evaluated AVCP's technological needs, and presented AVCP with a proposal to implement new technology.

11. Based on work completed in Phase I, and having met with each AVCP department to discuss their software needs, HEAT offered to complete all necessary programing for the "Fixed Fee Price" of $375,000 plus travel expenses.

12. HEAT assigned a single Senior Technical Consultant, Diane Petras, to lead the software development.

13. Though AVCP requested an additional Technical Consultant be assigned, HEAT refused and indicated such measures were unnecessary.

14. HEAT assured AVCP that in the event the software development took longer to complete than anticipated, no additional payment would be required to complete the software development, and thus the fixed fee price.

15. In the 2010 Statement of Work ("SOW 2"), HEAT drafted the contract with the language, "Our fees will be fixed-price." ("Phase II").

16. With the inclusion of the "fixed price" language in SOW 2, AVCP accepted Heat's offer. *Exhibit 1, SOW 2.*

17. After the contract was signed, HEAT began developing the software with Diane Petras as the team leader.

18. After several months of AVCP software development, Diane Petras separated from HEAT. At the point of her separation, AVCP software development was on track for a timely completion.

19. After Diane Petras separated from HEAT, another Technical Consultant was assigned to the AVCP account, and software development generally ceased.

20. Months passed with little progress on AVCP's software development.

21. During software development, HEAT requested that AVCP forward HEAT components of the software it was using at the time, a program developed by Englesun System Products "ESP". AVCP complied with HEAT's request.

22. AVCP relied on HEAT's knowledge and experience in the industry and was unaware there was any wrongdoing in its actions.

23. As a result of its sharing information and materials with HEAT, in 2013, ESP sued AVCP for sharing confidential information and copyrighted material with HEAT, ESP's competitor.

24. HEAT benefited from the information and materials shared, and used such

information and materials to develop AVCP's software.

25. HEAT further benefited from the information and materials shared by using such information and materials to develop software for other customers.

26. AVCP suffered substantial damages as a result of the lawsuit filed against it.

27. Though HEAT was notified of the claim against AVCP, HEAT did not defend AVCP, pay any settlement amounts, or otherwise offer to indemnify AVCP.

28. Software development stopped while the lawsuit was pending.

29. After ESP's claims against AVCP were satisfied, HEAT and AVCP discussed how to complete the software development.

30. By January 2015, AVCP had paid over $400,000 to HEAT for software development and related expense.

31. During a conversation in January 2015, HEAT acknowledged the payment and management promised AVCP that it would finish up all work promised in the contract as soon as possible.

32. Discussions lagged after that date until October, 2015, when HEAT made clear that it would not fulfill its contractual obligations as described in SOW 2, and would not refund AVCP.

## V. CAUSES OF ACTION

### COUNT I
### BREACH OF CONTRACT – SOFTWARE DEVELOPMENT

33. Plaintiff has duly performed each and every covenant and/or condition of the Contract and any subsequent amendments. As described above, Defendant had a contractual obligation to provide Plaintiff with a software product which could be used throughout its operations, but refused to do so. The actions of Defendant in refusing to complete the software development for AVCP, as more completely enumerated herein, constitutes a breach of the SOW 2 contract provisions. AVCP incurred and continues to incur damages, in an amount to be determined at trial but believed to be in excess of $75,000, as a result of HEAT's breach.

## COUNT II
## BREACH OF CONTRACT – REFUSAL TO INDEMNIFY

34. The actions of Defendant in refusing to indemnify AVCP in the lawsuit brought by ESP, as more completely enumerated herein, constitutes a breach the SOW 2 contract provisions. AVCP incurred and continues to incur damages, in an amount to be determined at trial but believed to be in excess of $75,000, as a result of HEAT's breach.

## COUNT III
## UNJUST ENRICHMENT – SOFTWARE DEVELOPMENT

35. Alternatively, the actions of Defendant, as more completely enumerated herein, provided unjust enrichment to the Defendant at AVCP's detriment. Defendant obtained money from AVCP for software and then failed and refused to provide a completed product. AVCP incurred and continues to incur damages, in an amount to be determined at trial but believed to be in excess of $75,000, as a result of HEAT's breach.

## COUNT IV
## UNJUST ENRICHMENT – REFUSAL TO INDEMNIFY

36. Alternatively, the actions of Defendants, as more completely enumerated herein, provided unjust enrichment to the Defendant at AVCP's detriment. By encouraging AVCP to share its current software Defendant obtained a competitor's protected property, and refused to indemnify AVCP for AVCP's costs and expenses associated with addressing and resolving the ESP lawsuit. AVCP incurred and continues to incur damages, in an amount to be determined at trial but believed to be in excess of $75,000, as a result of HEAT's breach.

## COUNT V
## BREACH OF THE IMPLIED CONTRACTUAL COVENANT OF GOOD FAITH AND FAIR DEALING – SOFTWARE DEVELOPMENT

37. As described above, Defendant had a contractual obligation to provide Plaintiff with a software product which could be used throughout its operations, but refused to do so. The actions of Defendant in refusing to complete the software development for AVCP, as the parties had agreed and which is more completely enumerated herein, beached the implied contractual covenant of good faith and fair dealing with regards to the SOW 2 contract provisions. AVCP incurred and continues to incur damages, in an amount to be determined at trial but believed to be in excess of $75,000, as a result of HEAT's breach.

## COUNT VI
## BREACH OF THE IMPLIED CONTRACTUAL COVENANT OF GOOD FAITH AND FAIR DEALING – REFUSAL TO INDEMNIFY

38. By encouraging AVCP to share its current software, which was created by

ESP, Defendant obtained a competitor's protected property. ESP sued AVCP. Though Defendant previously agreed in the SOW 2 contract to indemnify AVCP for such legal actions, Defendant refused to indemnify AVCP in the lawsuit brought by ESP. AVCP incurred and continues to incur damages, in an amount to be determined at trial but believed to be in excess of $75,000, as a result of HEAT's breach.

## COUNT VII
## MONEY HAD AND RECEIVED

39. Furthermore, Defendants received money which belongs to AVCP, and should be returned. Defendant obtained in excess of $400,000 from AVCP and then failed and refused to complete a bargained for software product. Despite written demand for completion of the software product, Defendant has fully failed to complete its obligations. AVCP is thus entitled to recover the amount of money which Defendant received from Plaintiff, plus any other sums due up until the time of trial. AVCP incurred and continues to incur damages, in an amount to be determined at trial but believed to be in excess of $75,000, as a result of HEAT's breach.

## COUNT VIII
## FRAUD

40. Defendant fraudulently induced AVCP to enter into a contract by promising it had the ability to deliver the software as promised and for the price promised, when Defendant knew or should have known that it did not have the capacity or personnel to deliver the software products. AVCP incurred and continues to incur damages, in an amount to be determined at trial but believed to be in excess of $75,000, as a result of

HEAT's fraud.

41. HEAT further fraudulently induced AVCP to enter into a contract by promising to deliver the software at a fixed fee price, but now refuses to do so without further payment. AVCP incurred and continues to incur damages, in an amount to be determined at trial but believed to be in excess of $75,000, as a result of HEAT's fraud.

## VI. JURY DEMAND

42. Plaintiff requests trial by jury for this matter.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff requests the following relief:

1. Judgment against Defendants including compensatory damages in an amount as yet to be determined by the jury, but in any event greater than $75,000.00;

3. Costs, interest, and attorney's fees incurred in bringing this action; and,

4. Such other relief as this Court may deem necessary and proper.

RESPECTFULLY SUBMITTED this 24th day of November, 2015, at Anchorage, Alaska.

        s/ Sean E. Brown
        800 E. Dimond Blvd, Ste. 3-395
        Anchorage, Alaska 99515
        Phone: (907) 222-9900
        Fax: (888) 887-1146
        E-mail: admin@powerbrown.com
        ABA No. 0205012